UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JEROME CLARENCE BOSCH and LAURINE BOSCH, | ) ) ) ) | CIVIL ACTION NO. 4:21-40046-TSH |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS (Docket No. 10)**

**July 13, 2022**

**HILLMAN, D.J.**

Jerome and Laurine Bosch ("Plaintiffs") allege that the Social Security Administration (the "SSA") is improperly requiring them to pay elevated premiums for Medicare coverage. When Jerome first applied for Medicare coverage at age 65, the SSA told him that he was not eligible. When Jerome later applied for Medicare coverage at age 72, the SSA granted him coverage but charged him a "premium surcharge" because "[he] enrolled later than [he] could have." In December 2017, the SSA denied Jerome's request for reconsideration. In September 2018, the SSA denied Jerome's request for a hearing. In 2017, the SSA granted Medicare coverage to Laurine and similarly assessed her a late enrolment penalty.

Plaintiffs commenced this action in May 2021. The SSA moves to dismiss, arguing that Plaintiffs' claim is time barred. (Docket No. 10). Plaintiffs oppose the motion. (Docket No. 20). Federal law provides that a party seeking judicial review of a final decision by the Commissioner

of Social Security must do so "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. 405(g). This provision of federal law is a statute of limitations. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Under the statute of limitations, Plaintiffs had sixty days from the time they were notified of the SSA's final decision to institute this action. The allegations in the complaint indicate that Plaintiffs received notice of the SSA's decision in 2018; yet Plaintiffs did not file this lawsuit until 2021.

Compliance with a statute of limitations may be excused in certain circumstances, *see Bowen*, 476 U.S. at 480, but here, Plaintiffs offer no reasonable explanation for their delay. Plaintiffs reference the COVID-19 pandemic, but the COVID-19 pandemic arrived in 2020, well after Plaintiffs were notified of the SSA's final decision. Therefore, to the extent judicial review of Plaintiffs' claim is available, it is time barred. Accordingly, the SSA's motion to dismiss is **_granted_**.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
